J-A16028-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| RACHAEL KELSO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IVAN KELSO | : | |
| | : | |
| | : | No. 1644 WDA 2025 |
| v. | : | |
| | : | |
| | : | |
| JOANNE SIROCHMAN KELSO | : | |
| | : | |
| Appellant | : | |

Appeal from the Order Entered November 24, 2025
In the Court of Common Pleas of Westmoreland County Civil Division at
No(s):  24DO00990

BEFORE:  McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.:                    **FILED: June 20, 2026**

Appellant, Joanne Sirochman Kelso ("Paternal Grandmother"), appeals from the custody order entered in the Westmoreland County Court of Common Pleas, which granted shared legal custody of K.K. ("Child") (born March 2018) to Rachael Kelso ("Mother") and Ivan Kelso ("Father"), partial physical custody to Father, and no separate period of partial custody to Paternal Grandmother. We dismiss the appeal.

The relevant facts and procedural history of this matter are as follows. The parties have a long and contentious history of dysfunction.  Mother and Father were previously married but had an acrimonious separation, which

included the filing of three separate petitions pursuant to the Protection From Abuse ("PFA") Act, the final petition of which resulted in a no-contact order that expired in July 2025.[1] Father is a recovering alcoholic and has been diagnosed with Intermittent Explosive Disorder. Mother is engaged again, although there are safety concerns regarding her fiancé. Father lives with Paternal Grandmother.

On June 24, 2024, Mother initiated this action by custody complaint. Subsequently, the parties commenced voluminous and protracted litigation, which included numerous emergency motions, petitions for contempt, and other requests prior to the final trial. Among other incidents, the following notable events occurred: 1) Child finding a firearm under a pillow on Paternal Grandmother's bed; 2) Father declining to return Child after a period of partial custody and absconding for 10 days; 3) Mother's fiancé kicking in a window on Father's car in an attempt to extract Child from the vehicle; and 4) Paternal Grandmother forcing Child to urinate in a cup, either because she suspected Mother was overmedicating Child, or because she wished to use the urine in her other son's custody and criminal cases, which required drug testing.

On January 8, 2025, Paternal Grandmother filed a petition to intervene, which the court granted on February 6, 2025. On October 30, 2025, the court convened for a custody trial.

On November 24, 2025, the court entered an order granting shared legal

---

[1] 23 Pa.C.S.A. §§ 6101-6122.

custody to Mother and Father; primary physical custody to Mother; partial physical custody to Father; and no separate period of partial custody to Paternal Grandmother. Since Father was living with Paternal Grandmother, Father could determine how much time Paternal Grandmother spent with Child. Additionally, the court issued a thoughtful, thorough and lengthy recitation of the history of the matter and explanation for its decisions. (***See*** Explanation of Decision, 11/24/25, at 1-39).

On December 19, 2025, Paternal Grandmother timely filed a *pro se* notice of appeal, without a Pa.R.A.P. 1925(a)(2)(i) statement. On January 5, 2026, the court ordered Paternal Grandmother to file a concise statement of errors complained of on appeal. On January 22, 2026, Paternal Grandmother filed her statement.

Paternal Grandmother raises the following issues for our review:

Whether the trial court abused its discretion by misapplying the custody factors under 23 Pa.C.S. § 5328.

Whether the court ignored documentary evidence presented at trial.

Whether the court relies on speculation or matters outside the record.

Whether the court improperly relied on past conduct despite evidence of rehabilitation.

Whether the court issued credibility findings that contradict its own analysis of the evidence.

Whether the court relied on the child's preference despite evidence of a loyalty conflict.

> Whether the court misapplied the safety factor under 23 Pa.C.S. § 5328(a)(2).
>
> Whether the court violated due process by addressing matters without proper notice.
>
> Whether the court relied on speculation regarding one party while making assumptions in favor of the other.
>
> Whether reassignment to a different judge is warranted on remand.

(Paternal Grandmother's Brief at 6-7) (unpaginated).[2]

Preliminarily, appellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. "[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal ... may be quashed or dismissed." *Id.* *See also* Pa.R.A.P. 2111 (regarding required content of appellate brief).

_____

[2] Additionally, on March 31, 2026, Paternal Grandmother filed an application for relief, alleging that the guardian *ad litem* ("GAL"), Dorean N. Petonic, had improperly entered her appearance in the appeal despite the fact that her duties as GAL had been terminated after the entry of the final order. Paternal Grandmother attached, as Exhibit A, a letter from the court to the parties dated February 2, 2026, which informs the parties that they should refrain from contacting Attorney Petonic, as pursuant to her appointment order, her duties terminated upon the entry of a final order in the matter. Paternal Grandmother requested that this Court strike the *praecipe* for appearance filed by Attorney Petonic and prohibit any further participation by her absent a valid court appointment.

The record reflects that Attorney Petonic's appointment order states that her appointment terminates upon the entry of a final order. (**See** Order Appointing Guardian *Ad Litem*, 1/15/25). We note that Attorney Petonic merely filed on appeal a statement of "no brief to be filed." In light of our disposition to dismiss the appeal based on Paternal Grandmother's non-compliance with the Rules of Appellate Procedure, and given Attorney Petonic's filing of a "no brief to be filed statement," we deny Paternal Grandmother's application for relief.

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent [herself] in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011) (some internal citations omitted), *overruled in part on other grounds by In re Ajaj*, ___ Pa. ___, ___, 288 A.3d 94, 109 (2023). *See also* Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of appellate brief). As well, "[t]his Court will not act as counsel" for an appellant who has not substantially complied with the Rules of Appellate Procedure. *Bombar v. West American Ins. Co*., 932 A.2d 78, 93 (Pa.Super. 2007).

Importantly, where an appellant fails to properly raise or develop her issues on appeal, or where her brief is wholly inadequate to present specific issues for review, a court will not consider the merits of the claims raised on appeal. *Butler v. Illes*, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; appellant's argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to cogently explain or even tenuously assert why trial court abused its discretion or made error of law). *See also Lackner v. Glosser*, 892 A.2d 21 (Pa.Super. 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived

on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention).

Instantly, Paternal Grandmother's brief on appeal is woefully deficient. For example, her statement of the case lacks a chronological statement containing relevant facts necessary to resolve this appeal. *See* Pa.R.A.P. 2117(a)(4). Likewise, Paternal Grandmother does not provide any recitation of the history of the proceedings and the respective contentions of the parties. *See* Pa.R.A.P. 2117(b). Even more significantly, Paternal Grandmother's "argument" contains a list of conclusory statements, case citations without quotations, pinpoint cites, or any explanation how the cited authority is relevant to her appeal or applying the legal propositions contained therein to the facts of her case. As well, Paternal Grandmother fails to point to specific places in the voluminous record where we may find support for her arguments. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa.Super. 2007) (stating: "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities"); Pa.R.A.P. 2119(c), (d). These substantial defects preclude meaningful review, warranting suppression of Paternal Grandmother's brief and dismissal of the appeal. *See In re Ullman, supra*; *Lackner, supra*; *Butler, supra*; Pa.R.A.P. 2101. Accordingly, we suppress Paternal Grandmother's brief and dismiss her appeal.

Appeal dismissed.

- 6 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 7/20/2026